UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY D'ORAZIO,

    Plaintiff,

v.                                        Case No: 8:20-cv-02531-CEH-CPT

BB&T BANK, DAVID PASKE,
ANJANETTE "AJ" HUTSON, and
LAMAR JERMAN,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon Defendant Truist Bank's Motion to Dismiss Plaintiff's Complaint (Doc. 31), Defendant Anjanette "AJ" Hutson's Motion to Dismiss Plaintiff's Complaint (Doc. 18), Defendant Lamar Jerman's Motion to Dismiss Plaintiff's Complaint (Doc. 21), and Defendant David Paske's Motion to Dismiss Plaintiff's Complaint (Doc. 27). Proceeding *pro* se, Plaintiff Anthony D'Orazio responds in opposition (Docs. 26, 30, 38, 43).[1]

---

[1] The Tampa Chapter of the Federal Bar Association typically operates a Legal Information Program on Tuesdays from 1:00pm to 3:00pm on the second floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida 33602. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are welcome if space is available. More information about the program is available on the Court's website at: http://www.flmd.uscourts.gov/litigants-without-lawyers under the link "Go to the Guide for Proceeding Without a Lawyer." Form pleadings for *pro se* parties in civil actions may be found at the following hyperlink: https://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case. Additionally, a *pro se* litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook.

Having considered the motions and being fully advised in the premises, the Court will grant the motions.

## I. BACKGROUND[2]

Anthony D'Orazio worked for BB&T Bank[3] from 2009 to 2019. Doc. 4 at 7. In 2017, D'Orazio informed his manager, David Paske, that he and his wife had started the process to adopt children of any race, color, or religion. *Id*. at 5, 7. During the conversation, D'Orazio explained to Paske that his wife is of Middle-Eastern descent. *Id*. Afterwards, from 2017 to 2018, Paske stopped giving D'Orazio enough work to meet his quotas; however, D'Orazio's coworkers continued to receive enough work to meet, or exceed, their quotas. *Id.* at 7. He was penalized on his yearly reviews for not meeting quotas. *Id.* at 8.

D'Orazio discovered that he was not included in the training to review "Based Floor Plan" appraisals until late-2018, even though his coworkers had received training years earlier. *Id.* at 7. He had more experience than his team members and was "more than qualified" to receive the training. *Id.* Following Paske's promotion in 2018, Hoyt Van Womble became D'Orazio's new manager. *Id.* at 7. Surprised that D'Orazio had not received the training, Van Womble told D'Orazio that, up until that time, there had been plenty of work with the appraisals and, if D'Orazio had received

---

[2] The facts are derived from the complaint, the allegations of which the Court must accept as true in ruling on the motions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[3] The Bank contends that D'Orazio names the wrong entity, as "he worked for a predecessor of Truist Bank—Branch Banking and Trust Company." Doc. 31 at 1 n.1. Unless specified otherwise, this order references the entity as the "Bank."

the work files like his coworkers, he could have easily met, or exceeded, his quotas. *Id.* But Paske had repeatedly informed D'Orazio that no work was available, despite knowing that appraisal files were available and that D'Orazio was qualified for the training. *Id.*

When D'Orazio received assignments from his manager, the assignments typically afforded only one point, which was the lowest amount of points. *Id.* at 7–8. He complained that he would never meet his quotas with these types of assignments. *Id.* at 8. His coworkers received assignments worth a higher amount of points. *Id.*

Department Head Anjanette Hutson threatened D'Orazio with retaliation in the form of disciplinary action when he informed Van Womble of Paske's discriminatory actions and filed an internal complaint. *Id.* One month later, on January 15, 2019, the Bank terminated D'Orazio's employment after he supplied his manager with proof of the internal complaint's merits. *Id.* When he inquired into the reason for termination, he was told that the termination resulted from low production levels, even though "they knew and were aware" that Paske did not give him enough work. *Id.* D'Orazio later discovered that Hutson never filed his internal complaint, which contravenes the Bank's policies. *Id.*

## II.   PROCEDURAL DEVELOPMENT

D'Orazio sues the Bank, Paske, Hutson, and Lamar Jerman under Title VII of the Civil Rights Act of 1964, 24 U.S.C. § 2000e *et seq.* Doc. 4 at 2–3. He identifies the following conduct as discriminatory conduct: the termination of his employment,

3

unequal terms and conditions of his employment, and retaliation. *Id.* at 4. He alleges that the Bank, Paske, Hutson, and Jerman discriminated against him on the basis of his race, color, religion, and national origin. *Id.* He also alleges that he filed a charge with the Equal Employment Opportunity Commission, or his EEOC counselor, concerning the alleged discriminatory conduct on February 7, 2019, and received a Notice of Right to Sue letter from the EEOC on June 27, 2019. *Id.*

The Bank, Paske, Hutson, and Jerman each move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 18 at 1; Doc. 21 at 1; Doc. 27 at 1; Doc. 31 at 1. Paske, Hutson, and Jerman argue that the Court must dismiss the action with prejudice because: (1) they cannot be held liable in their individual capacities under Title VII; and (2) D'Orazio failed to file this action within 90 days of his receipt of the right-to-sue letter. Doc. 18 at 4–5; Doc. 21 at 4–5; Doc. 27 at 4–5. The Bank also asks the Court to dismiss the action with prejudice, arguing: (1) D'Orazio failed to file this action within 90 days of his receipt of the right-to-sue letter; (2) he failed to timely serve the Bank; (3) he failed to exhaust his administrative remedies for discrimination based upon race, color, and religion; (4) he fails to state a claim for discrimination; and (5) he fails to state a claim for retaliation. Doc. 31 at 5–14. The Bank attaches a charge of discrimination to its motion (Doc. 31-1). D'Orazio has filed one-page letters in response to the motions.[4]

---

[4] Under the Local Rules, "a party responding to a motion may file a *legal memorandum* no longer than twenty pages inclusive of all parts." Local R. M.D. Fla. 3.01(b) (emphasis added). Further, "[a] party must not use a letter . . . to respond to a request for relief." Local R. M.D. Fla. 3.01(j). D'Orazio's *pro se* status does not excuse him from following procedural rules. *See*

4

### III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). However, the Court need not accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

While pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), they still must meet minimal pleading standards, *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994).

### IV. DISCUSSION

The analysis begins with the individual defendants' motions before proceeding to the Bank's motion.

---

*Albra v. Advan, Inc.*, 409 F.3d 826, 829 (11th Cir. 2007). Nonetheless, the Court has exercised leniency and considered these letters.

### A. The Court Will Dismiss the Claims Against Paske, Hutson, and Jerman

Paske, Hutson, and Jerman argue that the Court must dismiss D'Orazio's claims against them because Title VII does not provide for individual liability. Doc. 18 at 4; Doc. 21 at 4; Doc. 27 at 4. The Court agrees that dismissal is warranted.

Under Title VII, "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual, with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits retaliation against employees who exercise their rights under the statute. *See id.* § 2000e-3(a).

"[A] Title VII claim may be brought against only the *employer* and not against the individual employee." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (emphasis in original). "Individual capacity suits under Title VII are . . . inappropriate." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). "[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, *either* by naming the supervisory employees as agents of the employer or by naming the employer directly." *Id.* (emphasis added). A Title VII action "against an employee as agent of the employer is considered a suit against the employer itself." *Jackman v. 20th Judicial Circuit Court Admin.*, No. 2:19-cv-828-SPC-MRM, 2020 WL 3895425, at *2 (M.D. Fla. July 10, 2020), *reconsideration denied*, No. 2:19-cv-828-SPC-MRM, 2020 WL 5543914, at *2 (M.D. Fla. Sept. 16, 2020). "Where the employer is named, it then

becomes unnecessary and redundant to name the supervisors or managers in their official capacities as defendants in the statutory discrimination claims because only the assets of the employer are available to satisfy a plaintiff's claim and no additional relief may be obtained by naming the individuals in their official capacities." *Brooks v. CSX Transp., Inc.*, No. 3:09-cv-379-TJC-HTS, 2009 WL 3208708, at *4 (M.D. Fla. Sept. 29, 2009).

In suing Paske, Hutson, and Jerman, D'Orazio provides their job titles, but fails to specify whether he sues them in their individual or official capacities. Regardless, the result is the same. For D'Orazio to recover under Title VII, he must sue the employer by either naming supervisory employees as agents or by naming the employer. He names the Bank and employees as defendants. To the extent he sues Paske, Hutson, and Jerman in their official capacities, the Court will dismiss the claims against those defendants because he has named the Bank as a defendant. And to the extent that D'Orazio sues Paske, Hutson, and Jerman in their individual capacities, the Court will dismiss the claims against them because he may not bring individual capacity claims under Title VII. The dismissal will be with prejudice. *See Jackman*, 2020 WL 3895425, at *5 (dismissing Title VII discrimination claims against individual employees with prejudice).[5]

---

[5] Paske, Hutson, and Jerman also argue that the complaint is untimely because D'Orazio did not file this action within 90 days of his receipt of the EEOC's right-to-sue letter. Because the Bank offers the same argument and the Court dismisses the claims against Paske, Hutson, and Jerman, the Court need not address the timeliness argument here. Doc. 18 at 5; Doc. 21 at 5; Doc. 27 at 5.

### B. D'Orazio's Claims Are Untimely

As discussed above, the Bank raises several arguments for dismissal. For the reasons set forth below, D'Orazio's claims are untimely.

Before filing an action under Title VII, an individual must exhaust his administrative remedies. *H&R Block E. Enters., Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010). By filing a charge of discrimination, an individual initiates the administrative process. 42 U.S.C. § 2000e-5(e)(1); *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002). Title VII's charge-filing precondition serves as a mandatory, forfeitable claim-processing rule, not a jurisdictional prescription. *Fort Bend Cnty v. Davis*, 139 S. Ct. 1843, 1849 (2019). "For a [Title VII] charge to be timely in a deferral state such as Florida, it must be filed within 300 days of the last discriminatory act." *Joe's Stone Crabs*, 296 F.3d at 1271; *see* 42 U.S.C. § 2000e-5(e)(1) (requiring an aggrieved person to file a charge "within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier . . . ."). And a plaintiff must file a civil action under Title VII within 90 days of his receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Because this time-limit is non-jurisdictional, it is subject to equitable tolling, which permits a court to disregard late filing under certain circumstances, or waiver. *Gant v. Jefferson Energy Coop.*, 348 F. App'x 433, 434 (11th Cir. 2009); *Jones v. Wynne*, 266 F. App'x 903, 905 (11th Cir. 2008). Traditional equitable tolling principles require a plaintiff to justify his untimely filing by showing extraordinary

8

circumstances, such as fraud, misinformation, or deliberate concealment. *Gant*, 266 F. App'x at 905. Further, "[o]nce a defendant contests the timeliness of the filing of the complaint, as here, the employee bears the burden of establishing that []he timely filed h[is] complaint." *Kemper v. Neinhuis*, No. 8:20-189-VMC-CPT, 2020 WL 758094, at *2 (M.D. Fla. Feb. 14, 2020) (dismissing the employee's Title VII claim with prejudice).

Here, D'Orazio alleges that he filed a charge with the EEOC on February 7, 2019, and that he received a right-to-sue letter on June 27, 2019. Although he allegedly received the right-to-sue letter on June 27, 2019, he did not file this action until October 28, 2020—489 days later. This period of time clearly extends beyond the statute's 90-day window for filing an action in federal court. In responding to the Bank's motion, D'Orazio does not argue that equitable tolling or waiver applies or that the action is otherwise timely. Therefore, as alleged, D'Orazio's claims are untimely.[6] As such, the

---

[6] In moving to dismiss the complaint, the Bank attaches a charge of discrimination. This charge of discrimination repeats many of the factual allegations from the complaint in this action, such as D'Orazio's assertion that Paske discriminated against him after D'Orazio mentioned his wife's Middle-Eastern descent and that he and his wife had started the process to adopt children of any race or religion. Doc. 31-1 at 1. Because the charge of discrimination is central to D'Orazio's claims and he does not dispute its authenticity, the Court may consider the charge in ruling upon the Bank's motion. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("[A] court may consider a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed); *Pedrioli v. Barry Univ., Inc.*, No. 6:17-cv-577-PGB-GJK, 2018 WL 538743, at *2 n.3 (M.D. Fla. Jan. 24, 2018) (considering a charge of discrimination). D'Orazio digitally signed this charge of discrimination, which displays an EEOC file number, on June 11, 2019. Doc. 31-1 at 1–2. This June 11, 2019 charge does not alter the Court's conclusion that D'Orazio's claims are untimely. D'Orazio alleges that he filed a charge with the EEOC on February 7, 2019. He digitally signed the charge provided by the Bank on June 11, 2019. According to his allegations, which the Court must accept as true, he received the right-to-sue letter after each of these dates—on June 27, 2019. As such, the Court will dismiss D'Orazio's claims.

Court will dismiss D'Orazio's claims, with prejudice. *See Kemper*, 2020 WL 758094, at *2.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Defendant Anjanette "AJ" Hutson's Motion to Dismiss Plaintiff's Complaint (Doc. 18) is **GRANTED**.

2. Defendant Lamar Jerman's Motion to Dismiss Plaintiff's Complaint (Doc. 21) is **GRANTED**.

3. Defendant David Paske's Motion to Dismiss Plaintiff's Complaint (Doc. 27) is **GRANTED**.

4. Defendant Truist Bank's Motion to Dismiss Plaintiff's Complaint (Doc. 31) is **GRANTED**.

5. The complaint (Doc. 4) is **DISMISSED**, **with prejudice**.

6. The Clerk is directed to terminate all pending motions and deadlines and to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on March 16, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any